JAMES PEASE

*v.*

CHARLES S. TRENCH.

*Opinion filed June 19, 1902.*

ESTOPPEL—*what necessary to show plaintiff in replevin is estopped to claim property.* To establish the defense that plaintiff in replevin is estopped to claim the property upon the ground that he was the owner of one of the executions and that his agent directed the levy, it is necessary to prove that the agent knew, at the time, that the property belonged to his principal and that he had authority to bind his principal in the premises.

*Pease* v. *Trench*, 98 Ill. App. 24, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. JOHN C. GARVER, Judge, presiding.

CHURCH, McMURDY & SHERMAN, for appellant.

STEPHEN G. SWISHER, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Trench, the appellee, brought a replevin suit in the circuit court of Cook county for six hundred boxes of tin plate against Pease, the appellant, who, as sheriff, had levied several executions on said tin plate, with other tin plate and other kinds of personal property, as the property of one Ledwidge, to satisfy certain judgments against him. There was a trial, and a verdict and judgment for Trench. Pease appealed, and the Appellate

Court affirmed the judgment of the circuit court, and Pease then took this appeal.

Appellant has to a large extent re-argued here the controverted questions of fact under the assignment of error that the trial court erred in refusing, at his request, to instruct the jury to find the issue for the defendant. We have examined the record, and find that there was abundant evidence for the plaintiff on which to submit the issues to the jury, and that it would have been manifest error for the court to have given the instruction.

One of the executions was in favor of Trench, and appellant complains that the court refused to permit him to prove that the property was levied on by direction of one Shaw, Trench's agent. All the property levied on, including the tin plate, was stored in Ledwidge's warehouse, and was apparently so mixed as to make it difficult to distinguish and separate that of Ledwidge from that of Trench. It was shown by the evidence, and not controverted, that Wagner, Trench's attorney, who was also the attorney of the other judgment creditors, directed the sheriff to levy on all the property of Ledwidge in the warehouse.

But appellant insists that the court erred in not allowing him to prove by Wagner that Shaw directed the sheriff to levy on the tin plate in controversy. While we think the trial judge should have allowed counsel greater latitude in the examination of Wagner, still we think it was sufficiently shown that until the property in the warehouse was levied upon under the several executions by his direction, he supposed it belonged to Ledwidge. It was not error to refuse to permit appellant's counsel to prove by Wagner what Shaw said in reference to the tin plate, without proof that Shaw had authority to bind Trench in that regard, or without having laid the proper foundation for the impeachment of Shaw in the matter. As soon as it was ascertained the six hundred boxes of tin plate belonging to Trench were included in the levy,

Trench demanded the property of the sheriff, and on the sheriff's refusal to release it, replevied it. Ledwidge could not be found, and there was very little, if any, evidence that the six hundred boxes belonged to him or that he had any interest in the tin plate whatever, and it clearly appears that the executions were levied upon it under the mistaken belief that it belonged to Ledwidge. The defense sought to be made by this line of inquiry was, that the agent of Trench had directed the levy and had thereby estopped Trench from afterward claiming the property. To give rise to such estoppel it would have been necessary to prove, not only that such agent knew at the time that the property belonged to Trench, but also to prove that he had authority to bind Trench in the premises. The assignments of error as to the rulings of the court in giving and refusing instructions relate, in the main, to the same question, and we find no error in such rulings.

It is also insisted by appellant that the coroner, in replevying the property, took thirty-two boxes of tin plate which had been levied on by the sheriff which belonged to Ledwidge and left with the sheriff thirty-two boxes which belonged to Trench, and that that fact stands conceded of record, and that the judgment is obviously erroneous as to such thirty-two boxes, and being erroneous as to them it must be reversed altogether. It is sufficient to say that the judgment is confined to the pleadings, and is for the property therein described and described in the levy of the coroner, and does not embrace property not in controversy. We are unable to see how the question thus pressed here for reversal of the judgment is presented for our consideration. The judgment itself is correct, and we find no erroneous rulings of the court that contributed to its rendition.

There being no material error, the judgment of the Appellate Court must be affirmed.   *Judgment affirmed.*